IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:09-826 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Clint Anthony Walker, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises one claim relating to the calculation of his criminal history points. In response to Defendant's motion, the Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond.

In response to the Government's motion for summary judgment, Defendant filed a "Rule 42(b) conditional dismissal." ECF No. 1037 (filed Oct. 26, 2012). Defendant sought to "agree to the Government['s] offer of Rule 35(b) to receive his potential flow and must honor such said agreement after the court has granted the Defendant a withdrawal Court Order." *Id*. at 1.

Defendant's request to withdraw the § 2255 motion appeared to be a response to the Government's position in its motion for summary judgment that

> [Defendant] is also put on notice that the United States construes the filing of this petition as a breach of his plea agreement. . . . [Defendant is] therefore, required to comply with his plea agreement if he wants to receive the potential benefits that may flow therefrom. Unless [Defendant] moves to cure his breach by withdrawing this petition, he is advised that he will not be considered for a Rule 35(b) motion under any circumstances.

ECF No. 1034 at 8-9. Defendant also sought to bind the Government to its "offer" of a Rule 35(b)

1

motion by withdrawing this pending § 2255 motion.

By Order filed November 8, 2012, the court notified Defendant that the Government's motion for summary judgment was not a promise to file a motion under Rule 35(b). *See* Mot. for Summ. J. at 9 (arguing Defendant is "required to comply with his plea agreement *if* he wants to receive the potential benefits that *may* flow therefrom.") (emphasis added). Defendant was given the opportunity to indicate whether he wished to withdraw his § 2255 motion or continue. After an extension of time, Defendant responded that he "request[s] not to withdraw the motion" and that his juvenile criminal history points were wrongly calculated at sentencing, and he is "just tryin[g] to get what was wrong corrected." Resp. at 1 (ECF No. 1049, filed Dec. 27, 2012).

The court has examined the entire record. For the reasons stated in the Government's response, which this court finds to be correct and adopts as its findings, the court finds that the Government is entitled to summary judgment. Not only is the motion untimely, but Defendant validly waived his right to file a § 2255 motion except on grounds of prosecutorial misconduct or ineffective assistance of counsel, which are not presented in this § 2255 motion.

Accordingly, the court **grants** the Government's motion for summary judgment and denies Defendant's motion with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 2, 2013